UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANNIE R. HAYWARD, SR. (#301013)

VERSUS                                              CIVIL ACTION

JAMES M. LEBLANC, ET AL                             NUMBER 10-613-FJP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 31, 2011.

 

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANNIE R. HAYWARD, SR. (#301013)

VERSUS                                                     CIVIL ACTION

JAMES M. LEBLANC, ET AL                                    NUMBER 10-613-FJP-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Partial Summary Judgment. Record document number 28. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden Steve Rader, Dr. Anthony Tarver, Leslie Shmitt, Louise Mitchell, Travis Day, Terry Grady, Jr., Amy Bassett, Wayne Sullivan and Landon Blades[2]. Plaintiff alleged that the defendants were deliberately indifferent to his serious medical needs in violation of his constitutional rights. Defendants[3] moved for summary judgment relying on a statement of undisputed facts and the results of the Administrative Remedy Procedure.

Summary judgment is appropriate where there is no genuine issue as to any

---

[1] Record document number 52.

[2] Identified as nurse Landis in the original complaint.

[3] Defendant Wayne Sullivan did not move for summary judgment.

material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

## Factual Allegations

Plaintiff alleged that he was transferred to DCI on June 30, 2008. Plaintiff alleged that he was processed through intake where he was advised that he would be examined by a doctor in two or three days. Plaintiff alleged that he did not receive some prescribed medication and had to eat in the dorm. Plaintiff alleged that he was examined by medical personnel on July 1 and was examined by Dr. Tarver on July 8. Plaintiff alleged that Dr. Tarver told him he would be required to work and revoked the medical duty status issued at another prison facility. Plaintiff alleged that under his new medical duty status he was assigned to regular indoor duty with no lifting over 25 pounds and he was limited to indoor activities. Plaintiff alleged that he refused to perform the work assigned and was issued a disciplinary report.

Plaintiff alleged that on October 24, 2008, he was examined by Dr. Zateraine, a doctor from Earl K. Long Hospital. Plaintiff alleged that Dr. Zateraine recommended additional tests, a different medical duty status and new diabetic shoes. Plaintiff alleged that Landon Blades would not allow him to see the paperwork until Dr. Tarver had an opportunity to review it. Plaintiff alleged that Dr. Tarver refused to follow the recommendations of Dr. Zateraine and ordered the plaintiff shoes from Wal-Mart.

Plaintiff alleged that he filed an ARP and everything he needed for his health was

2

cut off. Specifically, the plaintiff alleged that he did not receive a hospital check up for months, the foot clinic was discontinued, lotions and medications were discontinued, he received an accu-check once per month instead of twice per week and he was charged for medical treatment. Plaintiff alleged that he was issued a disciplinary report for malingering after making too many medical visits in a 24 hour period.

Plaintiff alleged that he lodged complaints to Warden Rader and Secretary LeBlanc but matters worsened. Plaintiff alleged that Dr. Tarver refused to see him several times and nurse Bassett threatened to issue a disciplinary report. Plaintiff alleged that Sullivan and Blades insulted him, denied his diabetic request and administered insulin before dawn.

Plaintiff alleged that he has not seen Travis Day of infectious diseases, since 2008. Plaintiff alleged that he was not advised that he had tuberculosis until after he was prescribed medication.

Plaintiff alleged that in June 2009, he fractured his hand and was examined by Dr. Tarver. Plaintiff alleged that Dr. Tarver pulled and bent his hand causing him pain. Plaintiff alleged that Dr. Tarver told him he had sprained his hand and placed his thumb in a splint. Plaintiff alleged that Dr. Tarver failed to give him pain medication. Plaintiff alleged that a nurse ordered an x-ray but Dr. Tarver did not read it or send him to a specialist.

Plaintiff alleged that he wrote letters to Secretary LeBlanc, Warden Rader, Shmitt, Mitchell, and Dr. Tarver complaining about the poor medical treatment but received no response to his letters.

Plaintiff alleged that his blood sugar is not routinely tested more than once per day and his testicles are sensitive to touch. Plaintiff alleged that he was issued a disciplinary report and was found guilty of the disciplinary infraction after Dr. Tarver testified at the

hearing that the medications the plaintiff was prescribed would not interfere with the drug screen test results.

Plaintiff alleged that since 2008, he has been found guilty of several disciplinary infractions and received various sentences including confinement to a working cell block, room confinement, and the denial of canteen, telephone and contact visit privileges.

**Applicable Law and Analysis**

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies prior to filing his complaint.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir.

2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id*., 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

In his original complaint, the plaintiff conceded that although he presented the facts relating to his complaint in the state prison grievance procedure, several of the administrative grievances were placed on backlog and were not exhausted prior to filing suit.

The summary judgment evidence showed that the plaintiff filed four administrative grievances. In DCI-2008-697, the plaintiff complained that on August 29, 2008, Sgt. Sicard and another officer told him that he had missed his scheduled doctor's appointment and then insulted him and denied him access to the medical department. The summary judgment evidence showed that the plaintiff did not proceed to the second step of the two step procedure. Moreover, the allegations in DCI-2008-697 are not related to the allegations in the complaint.

The summary judgment evidence showed that the plaintiff filed DCI-2009-43 on December 15, 2008. Plaintiff complained that his name was not included on a list which would allow him to eat on the short line because of his health problems. The ARP was placed on backlog until March 18, 2009. Relief was granted at the First Step. The

summary judgment evidence showed that the allegations in DCI-2009-43 are not related to the allegations in the complaint.

The summary judgment evidence showed that the plaintiff filed DCI-2009-925 on November 15, 2009, complaining that nurse Wayne did not permit him to check his blood sugar level before taking his insulin. The ARP was initially placed on backlog but was subsequently denied at the First Step on May 9, 2010. The ARP was denied at the Second Step on July 19, 2010. The summary judgment evidence showed that the plaintiff exhausted his claim against nurse Wayne.

The summary judgment evidence showed that the plaintiff filed DCI-2010-390 on May 7, 2010 complaining that he needed his toe nails clipped by a specialist because of his diabetic condition and he needed a real pair of diabetic shoes, not tennis shoes from Wal-Mart. The ARP was initially placed on backlog but was subsequently denied at the First Step on August 9, 2010. The ARP was denied at the Second Step on September 15, 2010. Plaintiff signed his complaint on September 9, 2010, and it was filed on September 10, 2010. The summary judgment evidence showed that the plaintiff failed to exhaust ARP DCI-2010-390 before filing his complaint.

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the original and amended complaints prior to filing suit, as required by 42 U.S.C. § 1997e(a), except for his claim that Wayne Sullivan denied his request to test his blood sugar each time he was administered insulin.

Plaintiff named Wayne Sullivan as a defendant. Plaintiff alleged that Sullivan was deliberately indifferent to his serious medical needs when he denied the plaintiff's request to test his blood sugar level each time he was administered insulin.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged inadequate medical treatment.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling them in forma pauperis.[4] It is further recommended that the plaintiff's claims against Wayne Sullivan be dismissed pursuant to 42 U.S.C. § 1997e(e).

Signed in Baton Rouge, Louisiana, on May 31, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[4] *Underwood v. Wilson*, 151 F.3d at 296.